[No. 14726. Department Two. — September 8, 1892.]

## In the Matter of PAUL F. GREEN, Insolvent.

Insolvency — Adjudication upon Petition of Creditors — Inventory and Schedule — Verification not Required — Discharge. — When a debtor is adjudged insolvent upon petition of his creditors, he is not required to file in the court a verified inventory and schedule, and when he literally complies with an order of the court requiring him to file an inventory and schedule, his discharge from liability cannot be resisted by his creditors upon the ground that the inventory and schedule were not verified.

Appeal from a judgment of the Superior Court of Sonoma County discharging an insolvent debtor.

The facts are stated in the opinion of the court.

*Barham & Bolton*, for Appellant.

*J. C. Sims*, and *A. B. Ware*, for Respondent.

Sharpstein, J. — Appeal from an order discharging respondent from his debts. The record shows that upon a petition of the requisite number of creditors the firm of Baxter & Green, and the members thereof, were adjudged to be insolvent, and that they prepare and file an inventory and schedule of all their property and estate, and of their debts and liabilities. Respondent, a member of said firm, filed an unverified inventory and schedule.

After the expiration of more than three months from

the adjudication of insolvency, respondent applied to the court for a discharge from his liabilities. Due notice of said application was given to creditors who had proved their debts, and they were notified to appear on a day appointed for that purpose, and show cause why a discharge should not be granted. On the day appointed for that purpose appellant filed an opposition to the discharge of respondent, alleging, as the ground of such opposition, that prior to the commencement of said proceedings in insolvency, respondent procured a writ of attachment to be issued and levied upon all the property of said firm of Baxter & Green, for the purpose of causing the creditors of said firm to proceed against it in involuntary insolvency. To that application respondent filed an answer denying said allegation, and upon that issue a trial was had which resulted in a verdict, and findings in favor of respondent. Appellant then objected to a discharge being granted to respondent, on the ground that respondent had not complied with the order or judgment of the court requiring him to file an inventory and schedule, in that the inventory and schedule filed by him were not verified. The court overruled the objection, and granted a discharge to respondent from his debts. There was a literal compliance with the order of the court, which required respondent to file an inventory and schedule. The order did not expressly require that such inventory and schedule should be verified.

But appellant's counsel insist that the Insolvent Act of 1880 requires that a debtor adjudged an insolvent upon the petition of his creditors must be required to file in court a *verified* inventory and schedule. Section 12 of the act provides that " if the respondent shall make default, or if, after a trial, the issues are found in favor of the petitioners, the court shall make an order adjudging that said respondent is and was at the time of filing the petition an insolvent debtor, and shall require said debtor, within such time as the court may designate, to file in court the schedule and inventory provided for in sections 3 and 4 of this act; and thereupon all proceed-

ings shall be had in said matter in the same manner as if said debtor had voluntarily filed his petition." Sections 3 and 4 read as follows: —

"Sec. 3.    Said schedule must contain a full and true statement of all his debts and liabilities, exhibiting to the best of his knowledge and belief to whom said debts and liabilities are due and place of residence of his creditors, and the sum due to each; the nature of the indebtedness or demand, whether founded on written security, obligation, contract, or otherwise; the true cause and consideration thereof, and the time and place when and where said indebtedness accrued, and a statement of any existing pledge, lien, mortgage, judgment, or other security for the payment of the same.

" Sec. 4.    Said inventory must contain an accurate description of all the estate, both real and personal, of the petitioner, including his homestead, if any, and all property exempt by law from execution, and where the same is situated, and all encumbrances thereupon."

As will readily be seen, neither of these sections requires a verification of the inventory and schedule to which it refers.    But section 5 does require that the petition, schedule, and inventory voluntarily filed by an insolvent debtor must be verified by the affidavit of the petitioner.    But section 5 is not referred to in section 12, and the omission to refer to it is to our mind quite significant.    We think if the legislature had intended that an involuntary insolvent debtor should verify his inventory and schedule in the same manner as a voluntary insolvent debtor is required to verify his petition, inventory, and schedule, the intention would have been clearly expressed.    No such intention is expressed, and we think the implication clearly against it.

.Order affirmed.

McFARLAND, J., and DE HAVEN, J., concurred.